RECEIVED
IN ALEXANDRIA, LA

OCT 2 3 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CHRISTOPHER WAYNE SMART              CIVIL ACTION NO. 09-1445
      FED. REG. #07508-010
VS.                                  SECTION P

                                     JUDGE TRIMBLE

MARINA MEDINA                        MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro se* petitioner Christopher Wayne Smart filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on August 10, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock, Louisiana, however he claims that while he was incarcerated at the Federal Corrections Institute, Three Rivers (FCITR), Texas, he was wrongfully charged and convicted of a prison disciplinary rules violation which resulted in, among other things, the forfeiture of good time credits. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

## *Background*

Petitioner is a BOP inmate serving a 120 month sentence. On April 30, 2008, while he was confined at the FCITR, he was charged with a Disciplinary Rules Violation – Unauthorized Use of the Computer – Code 299. The Incident Report, which provided advanced written notice of the charge, was delivered to petitioner on April 30 and provided the following description of the incident which was alleged to have occurred on April 29, 2008,

> While walking through the unit I observed [petitioner] typing on the inmate email computer. The computer was logged in under another inmate's name. [Petitioner] is not authorized to use the computers per Program Statement 5265-12 and he has been informed of such by staff on previous occasions. Additionally, no inmate is allowed to type on the computer when it is logged on for another inmate. At 12:13 p.m. [petitioner] placed a phone call to his wife ... in which he admitted that he was typing on the computer when I approached him. [rec. doc. 1, p. 9]

According to the incident report, petitioner claimed that he "... was instructing another inmate how to use the computer..." when observed. The UDC Committee referred the Incident Report to the Disciplinary Hearing Officer (DHO). [rec. doc. 1, p. 9]

According to the DHO Report, the hearing was conducted on

2

May 6, 2008. Further, petitioner was advised of his rights by staff on May 1, 2008 and provided advanced written notice of the charges on April 30. The DHO Report indicates that petitioner waived the right to representation by staff and denied the charged violation stating, "Inmate Gomez asked you to show him how to pick a person on his e-mail and that's what you did." The Report also indicates that petitioner called no witnesses. The DHO concluded that petitioner was guilty of the violation based on: (1) the written statement of the reporting officer which noted that "... on April 29, 2008... while walking through the unit, she observed [petitioner] typing on the inmate computer, the computer was logged in under another inmate's name." (2) Petitioner's statement to the investigative lieutenant which acknowledged that while petitioner was in fact typing on the computer he was just showing a fellow inmate how to use it and was not e-mailing anyone; and, (3) petitioner's statement to the UDC that he was instructing another inmate how to use the computer. [rec. doc. 1, p. 11] At the conclusion of the hearing petitioner was found guilty of the conduct charged and sanctioned to, among other things, the disallowance of 14 days good time. [rec. doc. 1, p. 12] Petitioner was then advised of his right to appeal. [rec. doc. 1, p. 13]

His subsequent appeals at the Regional and National levels were denied. [rec. doc. 1, p. 22]

### Law and Analysis

Petitioner implies that he was deprived of liberty – the loss of 14 days good conduct time – in violation of the Fifth Amendment's due process clause. With regard to his due process claim, federal prisoners do have liberty interests in their accumulated good-time credit. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir.2000). Therefore, since petitioner lost good time credits as a result of the complained of disciplinary proceeding, the due process analysis approved by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), governs this review of the contested disciplinary proceeding.

In Wolff, the Court held, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 555- 556. Accordingly, in order for a prison disciplinary proceeding to

4

comport with the requirements of due process the following minimal procedural safeguards must be afforded:  (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L. Ed.2d 356 (1985); Wolff, supra, at 556.

Petitioner has provided copies of the BOP's Discipline Hearing Officer Report, Incident Report, and Notice of Discipline Hearing with respect to the incident he now contests.  These exhibits establish that he was afforded all the process to which he was due. Further, the DHO's findings establish that there was ample evidence of guilt.[1]

In short, petitioner has failed to state a claim for which relief may be given. His claims are without merit and dismissal on that basis is appropriate.

---

[1] Petitioner complains that he was not allowed to produce a witness – inmate Gomez – the individual petitioner was instructing. Presumably, Gomez would have corroborated petitioner's claim that he was helping Gomez learn how to operate the computer. Of course, the DHO Report refutes petitioner's claim that he requested the witness. [rec. doc. 1, p. 10] Nevertheless, the testimony of the witness was not needed. The DHO accepted as true petitioner's claim that he was "... just showing the other inmate how to use the computer..." [rec. doc. 1, p. 11, Part V] That fact, however, was not dispositive of the issue. Petitioner was forbidden by prison regulations to use the computer while another inmate was logged on. Petitioner could have instructed his fellow inmate verbally on how to use the computer without having to access the computer keyboard. Thus, by his own admission, he violated the prison regulation.

5

## *Conclusion*

Considering the foregoing,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

6

Signed in Chambers, Alexandria,  Louisiana,_____

_____ , 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7